IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LISA SALTER

        Plaintiff,

vs.

STATE OF FLORIDA, DEPARTMENT OF
REVENUE,

        Defendant.

_____/

Florida Circuit Civil
Case No.: 2012CA2134

Northern District
Case No.:

**<u>DEFENDANT STATE OF FLORIDA, DEPARTMENT OF REVENUE'S
NOTICE OF REMOVAL OF CIVIL ACTION</u>**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA, TALLAHASSEE DIVISION:

Removing Party, STATE OF FLORIDA, DEPARTMENT OF REVENUE, ("FDOR"), by

and through the undersigned counsel and pursuant to 28 U.S.C. §1441 et seq. and N.D.Fla.Loc.R.

7.2 hereby gives notice of removal of this action from the Circuit Court of Leon County, Florida,

Case No.: 2012CA2134, where it is now pending, to the United States District Court in the

Northern District of Florida on the following grounds:

    1.      FDOR is the Defendant in the above-entitled action.

    2.      On July 6, 2012, the above-entitled action was commenced against FDOR in the

Second Judicial Circuit Court in and for Leon County, Florida, and is now pending.

    3.      On August 31, 2012 the removing party, FDOR, was served with a Summons and

Amended Complaint by Certified Process Server ID#052, of the Second Judicial Circuit, Florida,

a copy of which is attached as Exhibit 1.

4.     No further proceedings have taken place in state court other than the filing of the Summons, original Complaint, and Amended Complaint.

5.     This controversy is subject to removal because of the federal questions alleged in the Amended Complaint as the Plaintiff in Counts I, II, and III is attempting to allege violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et.seq.*, and that FDOR discriminated against Plaintiff on the basis of gender and race, and race retaliation in violation of the foregoing statutes.

6.     This Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. § 1331, and this action may, therefore, be removed to this Court pursuant to 28 U.S.C. §1441(a).

7.     Copies of all state court process and pleadings served on the removing party will be filed with this Court pursuant to a separate notice of filing within ten (10) days of the filing of this petition.

8.     This Notice is filed with this Court within thirty (30) days after service on FDOR of the Summons and Amended Complaint.

9.     Pursuant to 28 U.S.C. §1446(d), a copy of this Notice is being filed with the Clerk of the Circuit Court of Leon County, Florida.

10.    This Notice is signed pursuant to F.R.C.P. 11.

11.    Pursuant to Sections 48.121 and 48.111, Florida Statutes, FDOR as an agency of the State of Florida is allowed 40 days after service of initial process to respond to the Amended Complaint.

2

12.    FDOR waives its home venue privilege and objects to venue in the Tallahassee

Division of the Northern District of Florida on the following grounds:

> A. FDOR has an office in Pensacola, Florida and Plaintiff alleges
> this is where the events occurred that gave rise to her claims.
> FDOR, having waived its home venue privilege, therefore resides
> in Escambia County and the Pensacola Division of the Northern
> District of Florida.  As a result, pursuant to 28 U.S.C. §1406(a),
> 1390©, and 1391(b), this action could not have been brought in
> Leon County or the Tallahassee Division of the Northern District
> of Florida because:

> 1.    FDOR resides in Escambia County,
> 2.    All events and omissions giving rise to Plaintiff's claims, as
>       alleged in the Amended Complaint occurred at the FDOR
>       office located in Pensacola, Escambia County, Florida, and
> 3.    Plaintiff also resides in Escambia County, Florida.

> B. Venue in the Tallahassee Division is inconvenient to all parties
> and most witnesses, and in the interest of justice venue should be
> transferred, pursuant to 28 U.S.C §1404(a), to the Pensacola
> Division.

WHEREFORE, FDOR respectfully requests that the above-entitled action be removed

from the Circuit Court of the Second Judicial Circuit of Leon County, Florida, to the United

States District Court for the Northern District of Florida, Tallahassee Division and that venue

then be transferred to the Pensacola Division.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to James Garrity, P.A., Marie A. Mattox, P.A., 310 East Bradford Road, Tallahassee, Florida 32303 by e-mail delivery, this the 20th day of September, 2012.

s/William K. Thames, II
WILLIAM K. THAMES, II
Florida Bar ID Number: 856118
E-mail: WKThames@LTFLAW.com
DIANE. M. LONGORIA
Florida Bar ID Number: 755834
E-mail: DMLongoria@LTFLaw.com
LOZIER, THAMES, FRAZIER, P.A.
24 West Chase Street
Pensacola, Florida 32502-5614
Phone: (850) 469-0202
Fax: (850) 469-0006
Attorneys for Defendant STATE OF FLORIDA,
DEPARTMENT OF REVENUE

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA

LISA SALTER,

Plaintiff,

Case No. 12-CA 2134

vs.

STATE OF FLORIDA, DEPARTMENT OF **Summons**
REVENUE,

Defendant.

_____ /

CERTIFIED PROCESS SERVER # 061

SECOND JUDICIAL CIRCUIT COURT OF FLORIDA

DATE SERVED 9.4.12 TIME 3.50

THE STATE OF FLORIDA:

To Each Sheriff of the State: ....

   YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition
in this action on Defendant:

   DIVISION OF RISK MANAGEMENT
   Department of Financial Services
   200 East Gaines Street
   Tallahassee, FL 32399

   Each defendant is required to serve written defenses to the complaint or petition on Marie
A. Mattox, P. A., Plaintiff's attorney, whose address is 310 East Bradford Road, Tallahassee, FL
32303, within 20 days after service of this summons on that defendant, exclusive of the day of
service, and to file the original of the defenses with the clerk of this court, either before serve on
plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered
against that defendant for the relief demanded in the complaint or petition.

   DATED on ____7/10____, 2012.

**BOB INZER, CLERK**
CLERK OF THE CIRCUIT COURT
By: _____
   Deputy Clerk

Exhibit 1

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN
AND FOR LEON COUNTY, FLORIDA

LISA SALTER,

Plaintiff,

CASE NO. 12-CA 2134
FLA BAR NO. 0739685

vs.

STATE OF FLORIDA,
DEPARTMENT OF REVENUE,

Defendant.

_____/

## AMENDED COMPLAINT

Plaintiff, LISA SALTER, hereby sues Defendant, STATE OF FLORIDA, DEPARTMENT

OF REVENUE, and says:

## NATURE OF THE ACTION

1.     This is an action brought under 42 U.S.C. §2000e et seq., and Chapter 760, Florida

Statutes.

2.     This is an action involving claims which are, individually, in excess of Fifteen

Thousand Dollars ($15,000.00), exclusive of costs and interest.

## THE PARTIES

3.     At all times pertinent hereto, Plaintiff, LISA SALTER, has been a resident of the

State of Florida and was employed by Defendant.  Plaintiff is a member of a protected class due to

her gender, her race (black), and due to the fact the she reported unlawful employment practices and

was the victim of retaliation thereafter.

4.     At all times pertinent hereto, Defendant, STATE OF FLORIDA, DEPARTMENT OF

REVENUE, has been organized and existing under the laws of the State of Florida.  At all times

pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. .

5.     Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and/or with the EEOC. This action is timely brought after a cause determination on both Plaintiff's race and retaliation claims.

## STATEMENT OF THE ULTIMATE FACTS

6.     Plaintiff was initially hired by Defendant in or about 1980 and currently holds the · position of Operations Analyst II.

7.     In or about 2009, while Plaintiff was under the supervision of Becki Nobles (white), Plaintiff and Kathy Satterwhite (white) had inter-personal issues. Thereafter, Plaintiff was informed by Defendant that she would not have to work with Satterwhite in the future.

8.     In or about May 2010, despite Defendant's assertions, Plaintiff was again placed under the supervision of Becki Nobles (white). Also under the supervision of Nobles were two white male employees, Max Curtis and Mike Holway, who also held the Operation Analyst II position.

9.     On or about June 14, 2010, Plaintiff complained to Becki Nobles that she was treated less favorably than the two white male Operation Analyst II employees with respect to work assignments and responsibilities.

10.     On or about July 14, 2010, Becki Nobles informed Plaintiff that she was creating a new position description.  The new position description included additional functions and responsibilities that were not required of the two white male Operations Analyst II employees. Specifically, one of the white male Operation Analyst II employees was not given additional

2

functions and responsibilities, and the other was in essence demoted to a lesser position with lesser functions and responsibilities but remained an Operations Analyst II in pay, remuneration, and title. Thereafter, Plaintiff complained to Nobles about the differentiating treatment between herself and the two white male Operations Analyst II employees.

11.    On or about July 22, 2010, Nobles mandated that Plaintiff submit to a "time-study" and required her to document her work time in five minute increments. Neither of the white male Operations Analyst II employees were required to submit to time studies nor document their worktime.

12.    Thereafter, Plaintiff filed a charge of discrimination with the EEOC and/or the Florida Commission on Human Relations. On or about October 11, 2011, the EEOC issued a Letter of Determination finding "cause" to believe that Plaintiff was discriminated against with respect to her gender and race. The EEOC also found "cause" to believe that Plaintiff was retaliated against with respect to her complaints of June 14 and July 15, 2010.

13.    Thereafter, Defendant, via its Inspector General, only after the EEOC found in Plaintiff's favor, investigated the employment practices of Satterwhite and Noble and both were demoted for their actions related to Plaintiff and other of Defendant's employees. The papers relating to these demotions, however, shows the demotions to be "voluntary".

14.    Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under 42 U.S.C. §2000e et seq. and/or Chapter 760, Florida Statutes.

3

## COUNT I

## GENDER DISCRIMINATION

15.     Paragraphs 1 through 14 are realleged and incorporated herein by reference.

16.     This is an action against Defendant for discrimination based upon gender brought under 42 U.S.C. §2000e et seq. and Chapter 760, Florida Statutes.

17.     Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender in that Plaintiff was treated differently than similarly situated male employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's gender.

18.     Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.  Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

19.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

20.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to adverse employment action being taken against Plaintiff.

4

21.    Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender in violation of 42 U.S.C. §2000e et seq. and Chapter 760, Florida Statutes.

22.    As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.

## COUNT II

### RACE DISCRIMINATION

23.    Paragraphs 1 through 14 are realleged and incorporated herein by reference.

24.    This is an action against Defendant for discrimination based upon race brought under 42 U.S.C. §2000e et seq. and Chapter 760, Florida Statutes.

25.    Plaintiff has been the victim of discrimination on the basis of Plaintiff's race in that Plaintiff was treated differently than similarly situated non-black employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's race.

26.    Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.  Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same. Defendant's known allowance

5

and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

27.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

28.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein lead, at least in part, to adverse employment action being taken against Plaintiff.

29.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of 42 U.S.C. §2000e et seq. and Chapter 760, Florida Statutes.

30.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.

## COUNT III

## RETALIATION

31.     Paragraphs 1 through 14 are hereby realleged and reincorporated as if set forth in full herein.

32.     Defendant is an employer as that term is used under the applicable statutes referenced above.

6

33. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting Plaintiff under 42 U.S.C § 2000e et seq., and Chapter 760, Florida Statutes.

34. The foregoing unlawful actions by Defendant were purposeful.

35. Plaintiff voiced opposition to unlawful employment practices during Plaintiff's employment with Defendant and was the victim of retaliation thereafter, as related in part above.

36. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

37. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant all legal and equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

7

(d)    enter judgment against Defendant and for Plaintiff permanently enjoining

Defendant from future violations of federal law enumerated herein;

(e)    enter judgment against Defendant and for Plaintiff awarding Plaintiff

attorney's fees and costs; and

(f)    grant such other further relief as being just and proper under the

circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Dated this 22nd day of August, 2012.

Respectfully submitted,

_____
James Garrity [FBN 539211]
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone:  (850) 383-4800
Facsimile:  (850) 383-4801
ATTORNEYS FOR PLAINTIFF

8